UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICO PAUL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-cv-00330-MTS |
| CALEB THOMPSON, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. Doc. [2]. The Court will deny the motion for the reasons below.

The Prison Litigation Reform Act (PLRA) "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

There is one exception to the "three strikes" rule: a prisoner may proceed in forma pauperis, despite having accumulated three strikes, if he is under imminent danger of serious physical injury. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). "Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." *Id.* "[T]he exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). A plaintiff must make specific factual allegations of ongoing serious physical injury or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 n.1 (3d Cir. 2001)).

Plaintiff has filed at least three meritless actions while incarcerated. *See Paul v. Teddford*, 4:19-cv-01851-DDN (E.D. Mo. 2019); *Paul v. Smallen*, 4:19-cv-02244-HEA (E.D. Mo. 2020); *Paul v. Muse*, 4:24-cv-00230-SPM (E.D. Mo. 2024). Thus, he may not proceed in forma pauperis in this matter unless he can establish that he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Plaintiff alleges that defendant C.O. Thompson intentionally broke his finger. Despite receiving an x-ray, injection, and splint, Plaintiff asserts that his finger has not healed because he has received inadequate medical attention. He further asserts that in retaliation for filing grievances, defendants have confined him to administrative segregation, refused to feed him, disallowed showers, prohibited recreation time, and

2

ordered staff to attack him.  Plaintiff states: "I believe my life is in danger due to the retaliation of all the [illegible]."

Plaintiff's allegations relate solely to past misconduct.  Although portions of the Complaint could be read to assert ongoing mistreatment, Plaintiff's "Memorandum Motion of Supplement Information" demonstrates that the alleged wrongdoings occurred in the past.  For example, Plaintiff asserts in his complaint that defendants Davis and Vandergriff "[have] been retaliating by . . . having [their] staff refuse to feed me[.]"  But in his supplement, Plaintiff identifies only on a single occasion where staff refused to provide his religious diet: "On Complaint PCC23-1238 occurred October 29, 2023 where C.O. Smith refused me my culture Religious Diet tray depriving me of food.  Defendant Davis made a justification on why his staff refused to feed me." Doc. [12].  Plaintiff does not allege that the treatment is ongoing.  Plaintiff's insinuation that additional harm could occur is conclusory and does not warrant a finding that he is under imminent threat.

Plaintiff also asserts that he fears for his life.  But such an allegation, without more, does not establish imminent danger of serious physical injury.  *See Martin*, 319 F.3d at 1050 ("The amended complaint made no allegation of ongoing danger, other than conclusory assertions that defendants were trying to kill Martin by forcing him to work in extreme conditions despite his blood pressure condition.  This type of general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury[.]").

Plaintiff has not alleged specific factual allegations that would allow the Court to conclude he is under imminent danger of serious physical injury.  *See Martin*, 319 F.3d at

3

1050. For this reason, the Court will deny Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. *See* 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [2], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $405 filing fee in its entirety no later than **Thursday, August 15, 2024**.

Failure to do so will result in the dismissal of this case without prejudice.

Dated this 1st day of July 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

4